**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 28, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

REV. BARRY D. BILDER,

    Plaintiff - Appellant,

v.

REV. BETH MATHERS; RUTH BILDER;
CHURCH OF HOLISTIC SCIENCE,
INC.; CITY OF TULSA, OKLAHOMA,

    Defendants - Appellees.

No. 17-5082
(D.C. No. 4:15-CV-00270-JHP-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Plaintiff, Rev. Barry D. Bilder, proceeding pro se, appeals the district court's grant

of summary judgment to the Church of Holistic Science (the Church), Rev. Beth Mathers,

Ruth Bilder, and the City of Tulsa. Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

We assume as true the following facts recited in Plaintiff's opening brief:  In 2014 two girls were selling Kool-Aid when they were approached by a man who bought some Kool-Aid and then unsuccessfully tried to coax them into his car.  The incident was reported to the Tulsa police, who were given the cup that the man drank from.  The DNA on the cup matched that of an unidentified suspect in the rape of a young girl.  A blurry recording on a security camera from a neighbor of the girls showed that the man who purchased the Kool-Aid was driving a tan/gold-colored Nissan Maxima of undetermined year.  Later, Detective Corey Myers while off-duty saw a tan/gold-colored Nissan and recorded the license number.  He later learned that it was registered to the Church.  At the church, Bilder and Mathers informed Detective Myers that the Nissan was on loan to Plaintiff.

After Plaintiff refused to submit voluntarily to DNA testing, the police obtained a search warrant for his DNA.  Detective Myers's supporting affidavit noted that Plaintiff's car matched the suspect's and that Plaintiff and the suspect were both white males.  Officers later detained Plaintiff and performed a buccal swab on his cheek.  But he was not arrested and was never charged in connection with this investigation.  The DNA test results showed that Plaintiff's DNA did not match the suspect's DNA found on the cup.

Plaintiff brought a 42 U.S.C. § 1983 suit against the City, the Church, Mathers, Bilder, and Detective Myers.  The United States District Court for the Northern District of Oklahoma dismissed the claims against Detective Myers for lack of proper service and later granted the motions for summary judgment of the remaining defendants.

Before turning to the merits, we address our jurisdiction.

2

## I.      Jurisdiction

Federal Rule of Appellate Procedure 3(c)(1) requires a notice of appeal to "designate the judgment, order, or part thereof being appealed." Plaintiff's notice of appeal mentions only denial of the motion for reconsideration. Still, the summary judgments themselves may be reviewable. Although "Rule 3's dictates are jurisdictional in nature," *Smith v. Barry*, 502 U.S. 244, 248 (1992), "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988).

Under our precedent, "[a] notice of appeal designating only a ruling on a postjudgment motion is typically sufficient to appeal the judgment itself." *Sundance Energy Oklahoma, LLC v. Dan D. Drilling Corp.*, 836 F.3d 1271, 1275 n.2 (10th Cir. 2016). In *Artes-Roy v. City of Aspen*, 31 F.3d 958 (10th Cir. 1994), we were confronted with a situation similar to the one now before us. The district court granted summary judgment against the plaintiff, *see id.* at 959–60, but the notice of appeal indicated that the plaintiff was appealing only the denial of a motion for reconsideration, *id.* at 961 n.5. Nevertheless, we considered the merits of the underlying summary-judgment order, noting that such review is permitted "if the appeal is otherwise proper, the intent to appeal from the final judgment is clear, and the opposing party was not misled or prejudiced." *Id.* (internal quotation marks omitted).

We construe Plaintiff's notice of appeal as an appeal of the district court's order denying summary judgment. His briefs complain about the merits of the summary-judgment decision, not the denial of his motion for reconsideration. And we see no prejudice to the defendants. The Church and individual defendants' brief did not mention the jurisdictional issue at all. And although the City noted that the notice of appeal mentioned only the order denying reconsideration, it nevertheless discussed only the merits of the summary-judgment order without complaining about adequate notice.

## II. Discovery Claims

Plaintiff complains that the district court failed to enforce the magistrate judge's order compelling the Church, Mathers, and Ruth Bilder to produce certain electronically stored information (ESI) and denied discovery that he apparently believes was necessary to respond to the motion for summary judgment. There are two fatal problems with Plaintiff's complaints.

First, the only noncompliance with discovery requirements that Plaintiff raised in district court related to initial disclosures under Fed. R. Civ. P. 26(a)(1). That rule requires a party to disclose, "without awaiting a discovery request," ESI and other materials "that the disclosing party has in its possession, custody, or control and *may use to support its claims or defenses*." (Emphasis added.) All defendants represented (at least after the order from the magistrate judge) that they had disclosed all such ESI and other material. Plaintiff asserts that the defendants must have had additional ESI. But his arguments in support are unpersuasive and, more importantly, the existence of other such

4

material is beside the point since the only material that needs to be disclosed is material that the defendants plan to use at trial.

Second, to the extent that Plaintiff simply wanted to conduct further discovery before responding to the summary-judgment motions, he failed to comply with the governing rule. Under Fed. R. Civ. P. 56(d), a party that wishes to conduct further discovery before the court rules on a summary-judgment motion must submit an affidavit explaining the need for the delay. *See Price ex rel. Price v. Western Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) ("Rule [56(d)] does not operate automatically. Its protections must be invoked and can be applied only if a party satisfies certain requirements."). If a party opposing summary judgment seeks further discovery but "fails to take advantage of the shelter provided by [Rule 56(d)] by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." *Id.* at 783–84 (internal quotation marks omitted). Because Plaintiff did not file the requisite affidavit, the court's entry of summary judgment without delay was appropriate. *See id.* at 784. The court's action certainly did not deprive Plaintiff of due process. *Cf. Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000) ("The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees.").

### III.    Summary Judgment

"We review a grant of summary judgment de novo." *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1294 (10th Cir. 2016). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for

5

summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and must resolve all factual disputes and draw all reasonable inferences in his favor. *See Cillo v. City of Greenwood*, 739 F.3d 451, 461 (10th Cir. 2013).

Plaintiff proceeded under 42 U.S.C. § 1983, which allows private suits against a person acting under color of state law who "subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

### A. The Church Defendants

We have a hard time seeing how any actions by the Church or defendants Mathers or Bilder could have been under color of law. But in any event, there is no evidence of anything that could be considered misconduct by them with respect to Plaintiff's episode with the police department. As Plaintiff summarizes in his opening brief, when Detective Myers determined that a gold/tan Nissan Maxima was registered to the Church, he went to the Church and was told that the vehicle was on loan to Plaintiff. Although Plaintiff's third amended complaint, the operative complaint, alleges that the Church defendants initiated the contact with the police after learning of a news story about the girls selling Kool-Aid, he has provided no evidence to support the allegation. Summary judgment in favor of those defendants was clearly appropriate.

### B. The City

Plaintiff raises a number of constitutional claims against the City. Most clearly fail because they do not state a violation of the Constitution. For example, Plaintiff claims the denial of his Sixth Amendment right to counsel when his DNA was seized

without presence of counsel.  But "[t]he Sixth Amendment right of the 'accused' to assistance of counsel in 'all criminal prosecutions' is limited by its terms: it does not attach until a prosecution is commenced." *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 198 (2008) (footnote and further internal quotation marks omitted).  Plaintiff was never charged with a crime.

In any event, even if Plaintiff was subjected to a constitutional violation, he has not made a showing that the City should be liable for any violation.  Plaintiff needed to prove not only a constitutional violation but also "that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County*, 151 F.3d 1313, 1316 (10th Cir. 1998).  "A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a *direct causal link* between the municipal action and the deprivation of federal rights." *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (internal quotation marks omitted).  A policy must be a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by a municipality's officers." *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (brackets and internal quotation marks omitted).  A custom must be a practice that is "persistent and widespread." *Id.* (internal quotation marks omitted).  As pointed out by the district court, Plaintiff failed to produce evidence of a pertinent policy or custom.  He seems to believe that the practice of obtaining search warrants for the DNA of a person who is not under arrest is such a policy or custom.  But he provides no evidence that the City has officially adopted a policy of seeking such warrants, nor, more

7

importantly, does he cite any authority that such warrants are unconstitutional; and we have no reason to believe that they are (if supported by probable cause).

Finally, Plaintiff appears to claim that his constitutional rights are being violated by the failure of the City to expunge his DNA test and that the district court should have ordered the expungement. But his briefs do not adequately develop any supporting argument. In particular, the district court declined to order expungement on the ground that it lacked authority to do so, yet Plaintiff does not cite any statute or case law granting a federal court such authority in the present circumstances. We note that the district court pointed to an Oklahoma statute that would appear to offer Plaintiff the relief he seeks, but Plaintiff has not cited any authority for the district court to grant relief under the state statute when he has taken no action to comply with the procedural requirements of that statute.

We **AFFIRM** the district court's judgment.

Entered for the Court


Harris L Hartz
Circuit Judge

8